UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | 2:15-cr-00143-JDL |
| ) | |
| JONATHAN DAY, ) | |
| ) | |
| Defendant.   ) | |

ORDER ON DEFENDANT JONATHAN DAY'S MOTION FOR RELIEF
FROM PREJUDICIAL JOINDER AND TO SEVER COUNTS I AND VIII
FROM SUPERSEDING INDICTMENT

A hearing on Defendant Jonathan Day's Motion for Relief from Prejudicial Joinder and to Sever Counts I and VIII from Superseding Indictment was held on March 4, 2016. For reasons I will explain, I deny the motion.

## I.  BACKGROUND

Jonathan Day and his co-defendants, Scot Stolkner and Angela Green, are charged in a ten-count superseding indictment that alleges various drug-related violations of Title 21 of the United States Code:

- Count I names all three defendants and concerns a drug conspiracy between January 2015 and July 2015.

- Count II, which alleges a conspiracy, and counts III and IV relate only to Stolkner for alleged drug activity between August and December 2014.

- Counts V, VI and VII relate to Stolkner and Green for alleged drug activity on or about January 22, February 3, and February 20, 2015.

- Count VIII relates to Stolkner and Day for alleged drug activity on or about April 17, 2015.

- Counts IX and X relate only to Stolkner for alleged drug activity on or about June 3, 2015, and July 30, 2015.

According to the Government, the drug activities during the period August to December 2014 which are the subject of Counts II, III and IV relate to a drug conspiracy that preceded, but was foundational to and helps to explain the drug conspiracy charged in Count I for which the remaining counts—Counts V through X—allege overt acts. Stolkner is the only individual charged in connection with the conspiracy charged in Count III and, at hearing, the Government affirmatively represented that Day had no involvement with that conspiracy.

## II. JOINDER

Day contends that the superseding indictment improperly joins him with defendants Stolkner and Green because "a review of the 'four corners' of all but Count VIII of the Superseding Indictment reveals no evidence that Day participated in a common scheme or plan with Stolkner or Green." ECF No. 78 at 9.

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). The superseding indictment in this case satisfies all of Rule 8(b)'s requirements. Day, Stolkner, and Green are charged as co-conspirators in Count I as engaging in the same act or transaction, and Counts V, VI, VII, VIII, IX, and X allege individual crimes that constitute overt acts associated with the conspiracy committed by one or more of the co-conspirators. The conspiracy count is the "connecting link" between six other counts of the ten count superseding

indictment.  *See United States v. Natanel,* 938 F.2d 302, 306 (1st Cir. 1991).  Because there is a rational basis for the joinder of these counts, the requirements of Rule 8(b) are met.  *Id.* ("[A] rational basis for joinder of multiple counts should be discernible from the face of the indictment.").

### III. SEVERANCE

Day also seeks to sever his trial from that of Stolkner and Green for three reasons.  First, he argues that the evidence related to the eight counts of the superseding indictment in which he is not named could have a prejudicial spillover effect on a jury's determination of his innocence or guilt for purposes of Counts I and VIII—the two counts in which he is named.  ECF No. 78 at 4-5.  Second, Day argues that the Government may present evidence to establish that Stolkner or Green "are dishonest or have questionable characters" and that this evidence would taint the jury's evaluation of Day's honesty and character.  *Id.* at 5.  Third, Day argues that, absent severance, his decision whether to testify at trial will be compounded by the possibility of his need to respond to evidence associated with the counts in which he is not named.  *Id.* at 6.

Rule 14(a) of the Federal Rules of Criminal Procedure provides that "[i]f joinder of offenses in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Severance is justified where it is shown that a defendant will be substantially prejudiced by a joint trial.  *United States v. Tashjian,* 660 F.2d 829, 834 (1st Cir. 1981) (citing *United States v. Patterson,* 644 F.2d 890, 900 (1st Cir. 1981)).  The First Circuit has characterized the rule as requiring a "strong showing

3

of prejudice." *U.S. v. Thomann*, 609 F.2d 560, 564 (1st Cir. 1979), and that "in the context of conspiracy, severance will rarely, if ever, be required." *U.S. v. Brandon*, 17 F.3d 409, 440 (1st Cir. 1994) (citation omitted).

I conclude that Day has not made a strong showing of prejudice in this case for the following reasons:

First, Day argues that he will be prejudiced by evidentiary spillover in a joint trial. Here, because all three defendants are charged as part of the conspiracy charged in Count I, and because Counts V through X of the indictment charge overt acts in furtherance of the conspiracy, evidence as to those acts will most probably be admissible against Day whether he is tried alone or along with Stolkner and Green. In addition, a jury should have little difficulty differentiating between the evidence introduced with respect to the three counts (Counts II, III, and IV) that are unrelated to the conspiracy charged in Count I. This is because Counts II, III, and IV arose during the period from August to December 2014, whereas the relevant time period for the conspiracy charged in Counts I and V through X began in January 2015. The likelihood of prejudicial spillover is insubstantial.

Second, Day's argument regarding possible prejudice from the Government's introduction of character evidence relevant only to Stolkner and Green is equally unpersuasive. The Government represents that it is unaware of any Rule 404(b) evidence regarding other crimes that it will seek to introduce as to defendants Stolkner or Green. The management of any risk of prejudice associated with other forms of character evidence the Government might seek to introduce is provided by

the applicable rules of evidence and are issues that are appropriately considered at trial. *See e.g.* Federal Rule of Evidence 403(b).

Finally, Day has not established that a joint trial will unfairly prejudice his Fifth Amendment right to remain silent. He argues, that "were he to be tried separately, he may not need to take the stand because the jury would hear evidence only about a purported single drug transaction on April 17, 2015." ECF No. 78 at 6. This argument misconstrues the superseding indictment, which contains six counts of discrete crimes that, the Government contends, are overt acts associated with the conspiracy charged in Count I. Thus, evidence of those offenses would be relevant regardless of whether Day is tried separately from or jointly with Stolkner and Green. In addition, Day has not articulated a reason or reasons establishing that his Fifth Amendment right will be prejudiced by the Government's introduction of evidence relevant to the three counts—Counts II, III, and IV—which are not directly connected to the conspiracy alleged in Count I.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Relief from Prejudicial Joinder and to Sever Counts I and VIII from Superseding Indictment is **DENIED.**

**SO ORDERED.**

**Dated: March 8, 2016**

                                                        **/s/ Jon D. Levy**
                                                   **U.S. DISTRICT JUDGE**